ORIGINAL

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF GEORGIA,
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
2007 FEB 20 P 2: 29
CLERK J. Button
SO. DIST. OF GA.

| | |
|---|---|
| TIMOTHY P. DOLAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. **CV107-030** |
| MARCELLA MAYS-CARNES, EAST GEORGIA COMMUNITY INITIATIVE, INC., BLUEPRINT MORTGAGE SERVICES, INC., BLUEPRINT COMMERCIAL SERVICES, INC., KENNEDY FUNDING, INC., and JACQUI GRIFFIN, | ) |
| Defendants. | ) |

**COMPLAINT**

JURY TRIAL DEMANDED

COMES NOW the Plaintiff, Timothy P. Dolan ("Dolan"), by and through his counsel of record, David M. Messer of the firm of David M. Messer, P.C., and for his Complaint against the Defendants, Marcella Mays-Carnes ("Carnes"), East Georgia Community Initiative, Inc. ("EGCI"), Blueprint Mortgage Services, Inc. And Blueprint Commercial Services, Inc. (together, "Blueprint"), Kennedy Funding, Inc. ("Kennedy Funding"), and Jacqui Griffin ("Griffin"), alleges and states:

1. The Plaintiff, Timothy P. Dolan, is an individual domiciled in California.

2. The Defendant, Marcella Mays-Carnes, is an individual domiciled in Augusta, Georgia.

3. The Defendant, EGCI, is a not-for-profit corporation organized and incorporated under the laws of the State of Georgia, having its principal place of business in Augusta, Georgia. Upon information and belief, the incorporator and sole stockholder of EGCI is the Defendant, Marcella Mays-Carnes.

4. The Defendant, Blueprint Mortgage Services, Inc., is a corporation organized and incorporated under the laws of the State of Georgia, having its principal place of business in Roswell, Georgia.

5. The Defendant, Blueprint Commercial Services, Inc., is a corporation organized and incorporated under the laws of the State of Georgia, having its principal place of business in Roswell, Georgia.

6. The Defendant, Kennedy Funding, Inc., is a corporation organized and incorporated under the laws of the State of New Jersey, having its principal place of business in New Jersey.

7. The Defendant, Jacqui Kennedy, is a individual domiciled in the State of Georgia.

8. This Court has subject matter over this action pursuant to 28 U.S.C. §1332(a), there being complete diversity of citizenship between the Plaintiff and all Defendants and there being an amount in controversy in excess of $75,000.00.

9. This Court has personal jurisdiction over each and every one of the Defendants in that each has had significant contacts with the forum in the course of the business activities giving rise to this action.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(2) in that a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the judicial district in which sits the United District Court for the Southern District of Georgia, Augusta Division.

## STATEMENT OF FACTS

11. In October, 2006, the Plaintiff, Timothy P. Dolan, was contacted by a representative of Blueprint to inquire as to whether Mr. Dolan would assist in providing escrow funds for a

mortgage client, EGCI and Ms. Marcella Mays-Carnes, in closing a purported $30,000,000.00 loan to be funded by an unnamed lender.

12. Jacqui Griffin, on behalf of Blueprint, advised Mr. Dolan that the $30,000,000.00 loan to EGCI and Ms. Mays-Carnes was approved and was ready to close in less than one week, with the exception of one remaining condition. Specifically, Ms. Griffin advised Mr. Dolan that the final condition of closing was that the lender required a deposit of $300,000.00 (1% of the total loan package) to be held in an escrow account for the benefit of Ms. Mays-Carnes.

13. Blueprint, through Ms. Griffin and her representatives, assured Mr. Dolan that the funds were to be wire transferred to a bona fide transactional closing escrow account and further advised Mr. Dolan that Ms. Mays-Carnes would have sufficient funds at closing to return the $300,000.00, plus a funding fee of $200,000.00, to be paid from funds at closing, as stated on the HUD-1 Settlement Statement, within one week.

14. Ms. Griffin, on behalf of Blueprint, promised to prepare the HUD-1 Settlement Statement listing the total payment of $500,000.00 to Mr. Dolan.

15. Ms. Griffin faxed wiring instructions to Mr. Dolan to facilitate his wiring of the requested $300,000.00 to an escrow account at Kennedy Funding.

16. Mr. Dolan relied upon the affirmative representations of material fact, *inter alia*, that

(a) the $30,000,000.00 loan was approved and ready to close within one week, pending satisfaction of the one condition which Mr. Dolan would satisfy,

(b) the $300,000.00 escrow deposit of Mr. Dolan was the only condition to be satisfied before closing,

(c) that EGCI and Ms. Mays-Carnes were bona fide real estate developers with sufficient assets to support and justify the commercial loan,

(d) Mr. Dolan's funds were not at risk,

(e) the account to which Blueprint instructed Mr. Dolan to wire his funds was a valid closing escrow account at Kennedy Funding, which escrow funds were held for the sole purpose of closing the contemplated loan and real estate closing, and

(f) the funds were refundable without restriction in the event that the loan did not close.

17. The transaction for which Mr. Dolan provided the requested escrow funds did not close.

18. The loan, which Mr. Dolan had been assured was previously approved except for the one previously identified escrow condition, was never approved.

19. Mr. Dolan has made demand on each of the Defendants for the return of his escrowed funds, but none of the Defendants has returned any funds to him.

20. Mr. Dolan has been damaged by the actions of the Defendants in an amount exceeding $300,000.00.

## FIRST CLAIM

### Fraud

For his first claim against the Defendants, Timothy P. Dolan alleges and states:

21. The Plaintiff incorporates by reference the allegations and statements contained in paragraphs 1-20, *supra*, as if restated herein in their entirety.

22. Ms. Griffin, Ms. Mays-Carnes, EGCI, and Blueprint all made affirmative statements and representations of material fact to Mr. Dolan in order to induce him to wire transfer the sum of $300,000.00 to an escrow account at Kennedy Funding to facilitate the closing of

the contemplated $30,000,000.00 loan to EGCI and Ms. Mays-Carnes. The representations include, but are not limited to, representations that

(a) the $30,000,000.00 loan was approved and ready to close within one week, pending satisfaction of the one condition which Mr. Dolan would satisfy,

(b) the $300,000.00 escrow deposit of Mr. Dolan was the only condition to be satisfied before closing,

(c) that EGCI and Ms. Mays-Carnes were bona fide real estate developers with sufficient assets to support and justify the commercial loan,

(d) Mr. Dolan's funds were not at risk,

(e) the account to which Blueprint instructed Mr. Dolan to wire his funds was a valid closing escrow account at Kennedy Funding, which escrow funds were held for the sole purpose of closing the contemplated loan and real estate closing, and

(f) the funds were refundable without restriction in the event that the loan did not close.

23. Prior to the wire transfer from Mr. Dolan to the escrow account at Kennedy Funding, Ms. Grififn, Ms. Mays-Carnes, EGCI, and Blueprint failed to disclose material facts concerning the transaction and the parties to the transaction, including, inter alia, the fact that

a) Ms. Mays-Carnes and EGCI had never previously been developers in any real estate development,

b) the funds would not be immediately returned is the transaction did not close,

c) the loan was not approved,

  d) Ms. Mays-Carnes and EGCI has previously borrowed in August, 2006, more than $200,000.00 from other individuals through Blueprint's brokerage service purportedly for the same purpose to facilitate closing of the same loan,

  e) $50,000.00 of the more than $200,000.00 previously borrowed from individuals through Blueprint was paid directly to the personal account of Jacqui Griffin by Ms. Mays-Carnes as a "brokerage fee."

24. If Mr. Dolan had been informed of any one or more of the omitted material facts outlined in paragraph 23, *supra*, he would not have wired the requested funds to the escrow account at Kennedy Funding.

25. Mr. Dolan relied on the misrepresentations of the Defendants to his detriment.

26. As a result of the fraud perpetrated upon him by the Defendants, Mr. Dolan has been damaged and has suffered losses in excess of $300,000.00.

27. Due to the egregious, ongoing, willful, and systematic and conspiratorial nature of the making of the false representations and the failures to disclose material facts, an award of punitive and exemplary damages is proper.

WHEREFORE, the Plaintiff, Timothy P. Dolan, respectfully requests that the Court find in his favor and against the Defendants and that the Court enter judgment in his favor and further award damages against the Defendants, jointly and severally, in an amount in excess of $300,000.00 for compensatory damages, plus an award of punitive or exemplary damages, plus an award of costs and attorneys fees in this action, along with such other relief as the Court may deem proper at law or in equity.

## SECOND CLAIM

### Breach of Fiduciary Duty

For his second claim against the Defendants, Timothy P. Dolan alleges and states:

28. The Plaintiff incorporates by reference the allegations and statements contained in paragraphs 1-27, *supra*, as if restated herein in their entirety.

29. Blueprint and Ms. Griffin represented to Mr. Dolan that Blueprint was the transactional closing agent for the transaction involving the $30,000,000.00 from Kennedy Funding to EGCI and Ms. Mays-Carnes.

30. Blueprint and Ms. Griffin represented to Mr. Dolan that Blueprint would prepare the HUD-1 Settlement Statement and insure that Mr. Dolan's funds, plus a funding fee of $200,000.00, for a total payment of $500,000.00, would be paid from funds at closing to Mr. Dolan.

31. As the closing agent, Blueprint owed a fiduciary duty to Mr. Dolan to handle the funds for closing, including his escrow funds, with the highest duty of care and trust. Blueprint had a duty to insure, in the event that the transaction failed to close, that the escrowed funds of Mr. Dolan were immediately returned to him.

32. As the holder of the escrow account, Kennedy Funding owed a fiduciary duty to Mr. Dolan to hold his funds in an escrow account solely for the purposes of the closing of the contemplated $30,000,000.00 loan to EGCI and Ms. Mays-Carnes, and to immediately return the funds in the event that Kennedy Funding did not fund the loan.

33. Blueprint and Kennedy have each breached their respective fiduciary duties by failing to return the funds held in escrow when the transaction did not close.

34. Mr. Dolan has been damaged as a result of the breaches of fiduciary duty by Blueprint and Kennedy Funding.

35. Due to the egregious, ongoing, and willful nature of the making of the breach of their respective duties as fiduciaries, an award of punitive and exemplary damages is proper.

WHEREFORE, the Plaintiff, Timothy P. Dolan, respectfully requests that the Court find in his favor and against the Defendants and that the Court enter judgment in his favor and further award damages against the Defendants, jointly and severally, in an amount in excess of $300,000.00 for compensatory damages, plus an award of punitive or exemplary damages, plus an award of costs and attorneys fees in this action, along with such other relief as the Court may deem proper at law or in equity.

## THIRD CLAIM

### Disgorgement

For his third claim against the Defendants, Timothy P. Dolan alleges and states:

36. The Plaintiff incorporates by reference the allegations and statements contained in paragraphs 1-35, *supra*, as if restated herein in their entirety.

37. Kennedy Funding is in possession of $300,000.00 that is not the property of Kennedy Funding, the funds having been wired to Kennedy Funding by Mr. Dolan to be held in escrow pending the closing of the loan by Kennedy Funding to Ms. Mays-Carnes.

38. Mr. Dolan has demanded release and return of his funds from escrow, but Kennedy Funding has claimed that the funds are non-refundable.

39. As a result of Kennedy Funding's refusal to return the funding placed in escrow by Mr. Dolan, Mr. Dolan has suffered damage in an amount exceeding $300,000.00.

40. Kennedy Funding should immediately disgorge and return the funds to Mr. Dolan.

WHEREFORE, the Plaintiff, Timothy P. Dolan, respectfully requests that the Court find in his favor and against the Defendants and that the Court enter judgment in his favor and further award damages against the Defendants, jointly and severally, in an amount in excess of $300,000.00 for compensatory damages, plus an award of punitive or exemplary damages, plus an award of costs and attorneys fees in this action, along with such other relief as the Court may deem proper at law or in equity.

## FOURTH CLAIM

### Negligence / Gross Negligence

For his fourth claim against the Defendants, Timothy P. Dolan alleges and states:

41. The Plaintiff incorporates by reference the allegations and statements contained in paragraphs 1-40, *supra*, as if restated herein in their entirety.

42. This fourth claim is alleged, stated, and pled in the alternative.

43. The Defendants owed a duty of reasonable care to Mr. Dolan to properly investigate and know the terms and conditions of the escrow account to which they instructed Mr. Dolan to wire the $300,000.00 in escrow funds.

44. The Defendants breached that duty of reasonable care by failing to properly establish the escrow account on such terms as to insure that the funds were properly protected and not at risk in the event that the transaction did not close.

45. The breach of the duty of reasonable care in failing to properly establish the escrow account is the direct and proximate cause of Mr. Dolan's damages, damages which he has suffered in an amount exceeding $300,000.00.

46. The negligence of the Defendants was of such a willful and wanton nature and in such careless disregard of the interests of Mr. Dolan as to constitute gross negligence.

47. An award of exemplary and punitive damages is proper.

WHEREFORE, the Plaintiff, Timothy P. Dolan, respectfully requests that the Court find in his favor and against the Defendants and that the Court enter judgment in his favor and further award damages against the Defendants, jointly and severally, in an amount in excess of $300,000.00 for compensatory damages, plus an award of punitive or exemplary damages, plus an award of costs and attorneys fees in this action, along with such other relief as the Court may deem proper at law or in equity.

## FIFTH CLAIM

### Unjust Enrichment

For his fifth claim against the Defendants, Timothy P. Dolan alleges and states:

48. The Plaintiff incorporates by reference the allegations and statements contained in paragraphs 1-47, *supra*, as if restated herein in their entirety.

49. As a result of the unauthorized retention and use of the funds of Mr. Dolan, the Defendants have been enriched and have benefited in a manner that is unjust, inequitable, and contrary to all societal norms of good faith and fair dealing.

50. The Defendants are jointly and severally liable for the losses suffered by Mr. Dolan as a result of the actions resulting in the unjust enrichment of the Defendants.

WHEREFORE, the Plaintiff, Timothy P. Dolan, respectfully requests that the Court find in his favor and against the Defendants and that the Court enter judgment in his favor and further award damages against the Defendants, jointly and severally, in an amount in excess of

$300,000.00 for compensatory damages, plus an award of punitive or exemplary damages, plus an award of costs and attorneys fees in this action, along with such other relief as the Court may deem proper at law or in equity.

Respectfully submitted,

*[signature]*

David M. Messer, OBA# 771007
DAVID M. MESSER, P.C.
10510 South 69th East Avenue
Tulsa, Oklahoma 74133
Telephone: (918) 636-5939
Facsimile: (918) 488-6572

ATTORNEY FOR PLAINTIFF
TIMOTHY P. DOLAN

## VERIFICATION

STATE OF CALIFORNIA  )
                     ) ss
COUNTY OF SAN DIEGO  )

I, Timothy P. Dolan, the Plaintiff in the above styled Complaint, hereby state and affirm upon my oath that I have read the foregoing Complaint, that I have reviewed the allegations contained herein, that I have personal knowledge of the facts and allegations described herein, and that the statements and allegations are true and correct to the best of my information, knowledge, and belief.

*[signature]*
TIMOTHY P. DOLAN
Plaintiff

Appeared before me and, upon his oath, affirmed the foregoing statement and verification this _17th_ day of February, 2007.

*[signature]*
Notary Public

My Commission Expires:

_May 17, 2009_

HYUNG JOON RHIM
Comm. # 1579728
NOTARY PUBLIC - CALIFORNIA
San Diego County
My Comm. Expires May 17, 2009

11